SALCINES, Judge.
Steven T. Flax (the “Former Husband”) appeals a postjudgment order in which both he and Cheryl G. Mintz (the “Former Wife”) were found to be in indirect civil contempt and were ordered to comply with various provisions in the final judgment of dissolution of marriage, which had incorporated their marital settlement agreement. We affirm in all respects without discussion except for one. aspect of the post-judgment order, which we reverse and remand.
In this appeal the Former Husband maintains that the trial court erred in requiring him to split an expense incurred by the Former Wife to have one of the parties’ minor children attend an enrichment program at Sylvan Learning Center. The' amount paid to Sylvan by the Former Wife was $2633, and the Former Husband’s obligation was assessed by the trial court to be one-half of that amount or $1316.50. In the order which is the subject of this appeal, the trial court did not separately identify the Sylvan expense to be reimbursed by the Former Husband and instead included it as a portion of the children’s medical expenses to be reimbursed by the Former Husband to the Former Wife.
The Former Wife acknowledges that the Sylvan expense was improperly included in the amount owed for unreimbursed medical expenses but asserts that, the trial court nonetheless had the authority to require the Former Husband to reimburse *1066 her for one-half of that expense. We disagree.
At the hearing on the parties’ motions for contempt, the Former Wife testified concerning her understanding of each party’s responsibility for expenses incurred on behalf of the children. She believed that the marital settlement agreement, which had been incorporated in the final judgment of dissolution, contained a provision for the payment of “extraordinary educational expenses.” The marital settlement agreement does not contain a specific provision for extraordinary educational expenses. The agreement does contain a provision for a designated split of expenses for the children’s “extraordinary activities.” However, under that provision the Former Husband agreed to split expenses within designated amounts to which the parties mutually agreed in writing and in advance.
The Former Husband does not dispute that the Sylvan enrichment program was good for his child. Nonetheless, he insists that he was not required to reimburse the Former Wife for the expense she incurred because the Sylvan program was not the type of extraordinary activity contemplated by the parties’ marital settlement agreement. The Former Husband additionally argues that even if the Sylvan program were considered an extraordinary activity, he was not obligated to reimburse the Former Wife because she failed to comply with the requirements of the extraordinary activities provision.
The Former Wife failed to obtain the Former Husband’s agreement in writing and in advance to split the expense for the Sylvan enrichment program. Thus, even if the extraordinary activities provision were construed to apply to the Sylvan expenses, the trial court was not authorized to order the Former Husband to reimburse the Former Wife for that expense on the basis of that provision. Further, there was no other basis upon which to require the Former Husband to reimburse the Former Wife for the Sylvan expense.
Accordingly, we reverse the portion of the order requiring the Former Husband to reimburse the Former Wife for one-half of the amount she paid to Sylvan, i.e., $1316.50. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
DAVIS and CANADY, JJ„ Concur.